UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NIKO SAMARXHIU,<br><br>    Plaintiff,<br><br>v.<br><br>BENJAMIN RALPH,<br><br>    Defendant. | Case No. 2:24-cv-01063-APG-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Alternative Service of Process and to Extend Time to Serve Process. ECF Nos. 5 and 6. After providing the factual background underlying this action, Plaintiff details the efforts made to attempt service of process on Defendant. These efforts include the following. Plaintiff engaged a private investigator to locate Defendant. The investigation led to an address in Costa Mesa, California at which Defendant was last known to reside and at which service of process was attempted on four different days, at various times of the day. Surveillance and a skip trace of Defendant was conducted after these unsuccessful attempts at service leading to the identification of a possible address for Defendant in Newport Beach, California. However, the process server learned Defendant never lived at the Newport Beach address. Additional surveillance of Defendant's home address was undertaken and a neighbor at the Costa Mesa address reported Defendant moved from that address weeks before surveillance commenced. Six additional attempts at service of process were made in July, 2024 without success.

Federal Rule of Civil Procedure 4(e) authorizes service of process under state statute or rule. Nevada Rule of Civil Procedure allows for alternative service if service under Nevada Rules 4.2, 4.3 and 4.4(a) are impracticable. Nev. R. Civ. P. 4.4(b). Nevada Rules of Procedure 4.2, 4.3, and 4.4(a) establish traditional personal service methods. When those methods are unsuccessful, courts allow alternative service methods if the moving party (1) "provide[s] evidence demonstrating that the movant exercised due diligence to locate and serve the defendant"; (2) "provide[s] evidence of the defendant's known or last-known contact information, including the defendant's address, phone

1

numbers, email addresses, social media accounts, or any other information used to communicate with the defendant"; and (3) "state[s] why the proposed service method comports with due process." *Huang v. Carney*, Case No. 2:19-cv-00845-GMN-BNW, 2020 WL 8881742, at *3 (D. Nev. Jan. 9, 2020) (internal quote marks omitted).

Among the options for alternative service is service by publication. Nev. R. Civ. P. 4.4(c). Service by publication is proper when the defendant "cannot, after due diligence, be found [or] by concealment seeks to avoid service of the summons and complaint." Nev. R. Civ. P. 4.4(c)(1)(A), (B). When service by publication is permitted, the law requires (1) additional methods of service to supplement publication (Nev. R. Civ. P. 4.4(d)), and (2) a copy of the summons, complaint, and the court's order authorizing alternative service be mailed to the defendant's last known address. Nev. R. Civ. P. 4.4(b)(3). Supplemental methods of service may include, among others, "telephone, voice message, email, social media, or any other method of communication." Nev. R. Civ. P. 4.4(d)(1).

The Court finds Plaintiff demonstrates due diligence in his attempts to serve Defendant. Plaintiff engaged a private investigator, attempted to skip trace Defendant, undertook surveillance of the only addresses located for Defendant, and attempted service on ten occasions at the addresses believed to be associated with Defendant. The Court finds service by publication, as an alternative means of accomplishing service, is granted.

Plaintiff must suggest a method of publication that is "reasonably calculated, under all the circumstances" to give notice to defendant. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also BP Prod. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 272 (E.D. Va. 2006) ("Federal courts have recognized the validity of service by publication where other means have failed."). This same standard applies when a plaintiff serves notice by publication on a defendant in a foreign country. *E.C. v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987). Specifically, Plaintiff must (1) "provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements" and (2) "suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings." Nev. R. Civ. P. 4.4(c)(2)(C), (D).

Plaintiff proposes, and the Court approves, each publication in which service is published must include the caption of the Complaint and the following Summons:

> A civil complaint has been filed by plaintiff NIKO SAMARXHIU against defendant BENJAMIN RALPH in the United States District Court, District of Nevada for Intentional Infliction of Emotional Distress and False Light Invasion of Privacy. NIKO SAMARXHIU seeks damages in an amount not less than $2,000,0000.00 USD. Unless BENJAMIN RALPH responds to the complaint, default will be entered against him upon application to the Court by NIKO SAMARXHIU, following which a judgment of default may be entered against BENJAMIN RALPH for the relief requested in the complaint.

The Court further finds and approves the caption and summons to be published in (1) Nevada Legal News, (2) Orange County Reporter, (3) Global Legal Notices, and any other newspapers and periodicals the Court may, in the future, deem necessary to reasonably give Defendant actual notice of the instant proceeding. Finally, the Court finds that publication must occur in each identified periodical once a week for a period of four weeks after which service of process is deemed effected.

Because alternative service by publication also requires Plaintiff to (1) provide additional notice to Defendant (*see* Nev. R. Civ. P. 4.4(d), and (2) mail a copy of the Summons, Complaint, and Court Order to Defendant's last known address, the Court finds Plaintiff, who had communicated with Defendant by text, must send Defendant the Summons, Complaint, and this Order to Plaintiff via text. Finally, Plaintiff must mail all three documents to Defendant at his last known address in Costa Mesa, California.

Plaintiff is granted additional time to effect service as follows:

1. Service by publication must commence such that it is completed no later than 90 days from the date of this Order; and,

2. Service by text and mail to Defendant's Costa Mesa, California address must be made by first class and certified U.S. Mail no later than 30 days from the date of this Order.

Plaintiff must file a notice of compliance with each form of service no later than seven (7) days after (1) Plaintiff texts Defendant, (2) the Summons, Complaint, and a copy of this Order are placed in first class and certified U.S. Mail, and (3) the fourth and final service of process by publication is completed.

1         The Court further finds and ORDERS that Plaintiff's Motion for Alternative Service of Process (ECF No. 5) and Motion to Extend Time to Serve Process (ECF No. 6) are **GRANTED** consistent with the content of this Order.

      Dated this 3rd day of September, 2024.

                                              ELAYNA J. YOUCHAH
                                              UNITED STATES MAGISTRATE JUDGE